

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00322-CR
No. 07-18-00323-CR

TERRENCE SHANE SHERMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 075344-E-CR and 075345-E-CR, Honorable Douglas R. Woodburn, Presiding

July 1, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Following a plea of not guilty, appellant Terrence Shane Sherman was convicted of the offense of aggravated assault with a deadly weapon, enhanced by a prior conviction, and sentenced to three years of imprisonment.[1] In the same proceeding,

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2018). This is a felony of the second degree, punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2018).

before the jury appellant pled guilty to the offense of criminal mischief.[2]  His punishment was set at five years of imprisonment, but it was suspended in favor of community supervision for a period of ten years.  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw for each cause.  We will grant counsel's motions to withdraw and affirm the judgments of the trial court.

Background

The charges against appellant stemmed from an incident at an Amarillo church.  An employee of the church testified she was working in the evening in the children's area when she investigated a noise and encountered appellant.  She knew him because he was often around the daycare and the church.  Appellant was yelling obscenities and breaking windows.  The employee testified she asked appellant to leave but he quickly came toward her with a metal pipe in his hand.  He swung it at her as though he was going to hit her.  She testified she was "terrified."  Appellant continued to scream obscenities.  The employee ran to the gym door and locked it, fearing for her life and those of the children who were present.  She called 911 and police responded.  At trial, the employee identified appellant as the person who was breaking windows and who swung the metal pipe at her.

The finance director of the church testified "40 to 50" places in the church building were damaged.  A responding police officer testified that a representative of the church

---

[2] TEX. PENAL CODE ANN. 28.03(b)(5) (West 2018).  This is a third-degree felony punishable by imprisonment for any term of not more than ten years or less than two years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.34 (West 2018).

[3] *Anders v. California,* 386 U.S. 738 (1967).

2

estimated the cost to repair the damage would be approximately $20,000 for the supplies and another $20,000 for the repair work.

Appellant also testified. He admitted to breaking several outside church windows and acknowledged his guilty plea to the charge of criminal mischief. But he denied entering the church, denied breaking any interior windows, and denied threatening the employee. He testified he left when she requested that he do so.

Analysis

In support of his motions to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of either of appellant's convictions. *Anders,* 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by: (1) providing a copy of the brief and appellate record to appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d at 408. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* briefs and motions to withdraw filed by counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If

this court determines the appeal arguably has merit, we remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

By his *Anders* briefs, counsel raises several grounds that could possibly support an appeal but explains why he concludes none show arguably reversible error. He concludes the appeals are frivolous. We have reviewed each ground raised by counsel and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal in either cause. *See Penson v. Ohio*, 488 U.S. 75 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no arguable grounds supporting a claim of reversible error and agree with counsel that the appeals are frivolous.

Reformation of Judgment

In our review of the record, we noted several errors in the Judgment of Conviction by Jury for Cause No. 075345-E-CR, convicting appellant of the offense of criminal mischief. First, the written judgment indicates appellant pled "not guilty" to that offense. However, the reporter's record shows appellant pled "guilty" to that offense. Second, the written judgment reflects under the heading "Punishment and Place of Confinement" a sentence of "Ten (10) Years Institutional Division, TDCJ." But, the oral pronouncement of sentence, and the jury's verdict form, indicate the jury assessed punishment at five years of imprisonment to be suspended in accordance with applicable law. Third, the written judgment shows, under "Sentence of Confinement Suspended, Defendant Placed on Community Supervision for Five (5) years." However, the oral pronouncement of sentence indicates appellant's sentence is to be suspended in favor of community supervision for a period of ten years.

4

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).  Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record.  *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  Accordingly, we reform the trial court's judgment in Cause No. 075345-E-CR to reflect appellant's plea of "guilty."  We further reform the trial court's judgment to reflect under the heading "Punishment and Place of Confinement" a sentence of "Five (5) Years Institutional Division, TDCJ."  Lastly, we reform the trial court's judgment to read "Sentence of Confinement Suspended, Defendant Placed on Community Supervision for Ten (10) Years."

## Conclusion

The trial court's judgment in Cause No. 075345-E-CR is reformed as set forth herein.  As reformed, that judgment is affirmed.  The judgment in Cause No. 075344-E-CR is affirmed.  We grant counsel's motions to withdraw in each cause.[4]

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is issued, send appellant a copy of the opinion and judgment, along with notification of his right to file a pro se petition for discretionary review.  TEX. R. APP. P. 48.4.